Electronically Submitted
8/30/2019 11:47 AM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CAUSE NO. **CL-19-4688-H**

| | | |
|---|---|---|
| JESUS GONZALEZ<br>　　Plaintiff | §<br>§<br>§ | IN THE COUNTY COURT |
| vs | §<br>§ | AT LAW NO. \_\_\_\_\_ |
| SAFECO INSURANCE COMPANY<br>　　Defendant | §<br>§<br>§ | HIDALGO COUNTY, TEXAS |

# PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **JESUS GONZALEZ**, (hereinafter, "Plaintiff"), and files this Original Petition, complaining of **SAFECO INSURANCE COMPANY**, (hereinafter, "Defendant"), and for cause of action shows:

**1.　DISCOVERY CONTROL PLAN**

Plaintiffs intend to proceed under Discovery Control Plan No. 2.

**2.　PARTIES**

Plaintiff is an individual who resides in Hidalgo County, Texas.

SAFECO INSURANCE COMPANY is a foreign insurance carrier authorized to conduct the business of insurance in Texas, which may be served with process by serving its registered agent at the following address:

> Corporation Service Company
> 211 E 7th St Ste 620
> Austin, TX 78701

**3.　JURISDICTION**

Each defendant is amenable to service of process by a Texas court. This court has jurisdiction over the controversy because the incident made the basis of the suit occurred in Texas and since plaintiffs' damages are within the Court's jurisdictional limits.

Case 7:19-cv-00349 Document 1-3 Filed on 10/07/19 in TXSD Page 2 of 15

Electronically Submitted
8/30/2019 11:47 AM
Hidalgo County Clerk
Accepted by: Samantha Martinez

**CL-19-4688-H**

No federal court has jurisdiction because diversity of citizenship between plaintiff and defendant is not complete, and since plaintiffs raise no causes of action that raise or touch upon federal question jurisdiction.

4.  **VENUE**

Venue is proper in Hidalgo County, Texas because the incident made the basis of this suit occurred in that county.

5.  **FACTS**

On or about August 06, 2017, Plaintiff JESUS GONZALEZ was driving a Chevrolet Silverado traveling eastbound at the 700 block of Trenton Road in McAllen, Texas. Driver Juan Antonio Carranza was driving a Honda Accord traveling eastbound at the 700 block of Trenton Road in McAllen, Texas.

Plaintiff continued to travel eastbound when Mr. Carranza made an unsafe lane change and collided into Plaintiff's vehicle. The impact caused Plaintiff's vehicle to collide into two other vehicles causing serious injuries.

6.  **NEGLIGENCE**

The collision described above, and the resulting injuries and damages suffered by the plaintiff, were actually and proximately caused by Juan Antonio Carranza's negligence in one or more of the following acts or omissions:

- changed lane when unsafe;
- driver inattention;
- failing to timely and properly apply his brakes prior to the collision;
- failing to yield as a person of prudent care would have done; and
- failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances;

Case 7:19-cv-00349   Document 1-3   Filed on 10/07/19 in TXSD   Page 3 of 15

Electronically Submitted
8/30/2019 11:47 AM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CL-19-4688-H

7.   **DAMAGES**

As a direct and proximate result of Juan Antonio Carranza's acts and omissions, Plaintiff suffered serious personal injuries and damage to her vehicle. Plaintiff's damages exceed the minimum jurisdictional limit of this Court, and include,

- past, present, and future medical bills;
- past, present, and future physical pain and mental anguish; and,
- past, present, and future physical impairment.

Plaintiff seeks only monetary relief aggregating $750,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees (if any).

8.   **UNDERINSURED MOTORIST INSURANCE (UIM)**

Juan Antonio Carranza was an under-insured motorist who owned and leased the Honda Accord. At the time of the accident, Plaintiff had in force a policy of automobile insurance issued by SAFECO INSURANCE COMPANY. Said policy provided Plaintiff coverage for personal injuries arising from an accident with an underinsured motorist.[1]

Plaintiff has complied with the terms of the contract with Defendant and is entitled to be paid by the Defendant any and all damages sustained by Plaintiff resulting from the negligence of Juan Antonio Carranza.

Plaintiff is legally entitled to recover from Juan Antonio Carranza.[2]

On or about August 06, 2017, Juan Antonio Carranza was insured by Farmers Texas County Mutual Insurance Company.

---

[1] Uninsured or underinsured motorist coverage provides for payment to an insured of all amounts that an insured is "legally entitled to recover" as damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury or property damage.
Tex. Insurance Code § 1952.106 [formerly Art. 5.06-1].

[2] The phrase "legally entitled to recover" is not defined in the statute; however, the Texas Supreme Court has held that the phrase means that the plaintiff has the burden of "proving that the uninsured or underinsured motorist's

Case 7:19-cv-00349   Document 1-3   Filed on 10/07/19 in TXSD   Page 4 of 15

Electronically Submitted
8/30/2019 11:47 AM
Hidalgo County Clerk
Accepted by: Samantha Martinez

CL-19-4688-H

Juan Antonio Carranza's insurer paid Plaintiff's injury benefits in the amount of $29,239 in exchange for a full and final release.

Thereafter, since Plaintiff's damages exceeded said payment by Juan Antonio Carranza's insurer, on August 17, 2018, Plaintiff made a demand to SAFECO INSURANCE COMPANY as follows: JESUS GONZALEZ in the amount of policy limits. SAFECO INSURANCE COMPANY made the following offer for plaintiff's claims for underinsured motorist benefits: JESUS GONZALEZ in the amount of $24,800. It goes without saying, this amount drastically failed to satisfy plaintiff's medical costs, pain and suffering and other damages.

9. **PREJUDGEMENT INTEREST**

Plaintiff seeks pre-judgment interest on past damages.

10. **JURY DEMAND**

Plaintiff demands a trial by jury, and has tendered the jury fee.

11. **REQUESTS FOR DISCLOSURE, INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Pursuant to Rule 194, Tex. R. Civ. Proc., Defendant is requested to disclose, within 50 days of service of this request, the material and information described in Tex. R. Civ. Proc. 194.2 (a)-(l). In addition to the content subject to disclosure under Rule 194.2, the Defendant is requested to disclose all documents, electronic information, and tangible items that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses. Plaintiffs' written interrogatories and request for production to Defendant are served with this petition, and are attached to the pleading as EXHIBITS A-B.

---

negligence caused the accident and the plaintiff's damages." Franco v. Allstate, 505 S.W.2d 789, 792 (Tex. 1974); Henson v. Southern Farm Bureau Casualty, 17 S.W.3d 652, 654 (Tex. 2000); Brainard v. Trinity Universal, 216 S.W.3d 809, 818 (Tex. 2006).

CL-19-4688-H

P R A Y E R

WHEREFORE, Plaintiff prays that, on final trial, he has:

1. Judgment against defendant for damages in a sum in excess of the minimum jurisdictional limits of the court, not to exceed $750,000;

2. Pre-judgment interest;

3. Post-judgment interest;

4. Costs of suit;

5. All such other relief, at law or at equity, to which Plaintiff may show himself to be entitled.

Respectfully submitted,

LAW OFFICES OF EZEQUIEL REYNA, JR., P.C.

_____
Graciela Orellana
State Bar No. 24085450
Ezequiel Reyna, Jr.
State Bar No. 16794798
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone / (956) 969-4171 Fax

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

**CL-19-4688-H**

CAUSE NO. _____

| | | |
|---|---|---|
| JESUS GONZALEZ<br>Plaintiff | §<br>§<br>§ | IN THE COUNTY COURT |
| vs | §<br>§<br>§ | AT LAW NO. \_\_\_\_\_ |
| SAFECO INSURANCE COMPANY<br>Defendant | §<br>§ | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT SAFECO INSURANCE COMPANY

Corporation Service Company
211 E 7th St Ste 620
Austin, TX 78701

Pursuant to Rules 194, 196 and 197 of the Texas Rules of Civil Procedure, Plaintiff serves these Interrogatories and Request for Production. You must respond to these discovery requests within fifty (50) days after service of this notice.

Respectfully submitted,

LAW OFFICES OF EZEQUIEL REYNA, JR., P.C.

*/s/ Graciela Orellana*

Graciela Orellana
State Bar No. 24085450
Ezequiel Reyna, Jr.
State Bar No. 16794798
702 W. Expressway 83, Suite 100
Weslaco, Texas 78596
(956) 968-9556 Phone / (956) 969-4171 Fax

**ATTORNEYS FOR PLAINTIFF**

CL-19-4688-H

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing Plaintiff's Requests for Disclosures, Interrogatories and Requests for Production to Defendant has been served as an attachment to Plaintiffs' Original Petition on the day identified in the citation issued to defendant.

Corporation Service Company
211 E 7th St Ste 620
Austin, TX 78701

*/s/ Graciela Orellana*
Graciela Orellana

## CL-19-4688-H

## DEFINITIONS AND INSTRUCTIONS

The definitions set forth herein are meant to supplement and enlarge any similar definitions contained in the Texas Rules of Civil Procedure. In the event any definitions herein are inconsistent with the Rules, the Rules shall govern, but where the Rules are silent on a particular point, the definitions shall control. The definitions and instructions are as follows:

1. The terms "you," "your," or "defendant" refers to SAFECO INSURANCE COMPANY and his/her agents, insurance company, and/or legal counsel; all to be broadly defined.

2. The term "document" and/or "tangible things" as used in these requests are used in their most comprehensive sense and mean the original and any copies of every written, printed, typed, recorded, reported or graphic record or material, including every draft and/or non-identical copy of every type and description that is in the actual or constructive possession, custody or control of defendant.

3. The term collision refers to the collision made the subject of this lawsuit.

4. The terms "relates to," "relating to," or "related to" shall be construed in their broadest sense.

5. These requests are continuing in nature. In the event you become aware of or acquire possession, custody, or of additional information responsive to these requests, you are requested to supplement your responses.

6. If you object to any of these requests on the ground that it requests information that is privileged or falls within the work product doctrine, please also provide the following information:

   a. State the nature of the privilege or doctrine you claim;

   b. If a document is the subject of your claim or privilege or exemption from discovery, indicate the same and identify the document and the person or persons known to you who have seen the document; and

   c. If an oral communication is the subject of your claim or privilege or exemption from discovery, state the name and identify the communication, the person or persons known to you to whom the substance of the communication has or had been disclosed, and state whether any document records or refers to the communication and identify such document.

# CL-19-4688-H
## INTERROGATORIES

**INTERROGATORY No. 1:**

Please identify yourself by stating your name, business address, and business phone number.

ANSWER:

**INTERROGATORY No. 2:**

Who was responsible for investigating the claim made the basis of this lawsuit?

ANSWER:

**INTERROGATORY NO. 3**

Do you contend that plaintiff was NOT injured as a result of the collision made the subject of this lawsuit? If so: (1) state all facts upon which you base your contention; (2) provide the names, addresses, and telephone numbers of all persons who have knowledge of the facts; (3) identify all documents and tangible items that support your contention, and (4) provide the name, address, and telephone number of the person who has each document or item.

ANSWER:

**INTERROGATORY NO. 4:**

Do you contend that the injuries or the extent of the injuries claimed by plaintiffs were NOT caused by the collision made the subject of this lawsuit? If so, for each injury: (1) identify it; (2) state all facts on which you base your contention; (3) provide the names, addresses, and telephone numbers of all persons who have knowledge of the facts; (4) identify all documents and other tangible items that support your contention, and (5) provide the name, address, and telephone number of the person who has each document or item.

ANSWER:

**INTERROGATORY No. 5:**

Pursuant to Texas Rules of Civil Procedure, Rule 192.3 (d), disclose the name, address, and telephone number of any person who is expected to be called to testify at trial, excluding any rebuttal or impeaching witnesses the necessity of whose testimony cannot reasonably by anticipated before trial.

ANSWER:

**CL-19-4688-H**

CAUSE NO. _____

| | | |
|---|---|---|
| JESUS GONZALEZ | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | |
| vs | § | AT LAW NO. _____ |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| Defendant | § | HIDALGO COUNTY, TEXAS |

## VERIFICATION

THE STATE OF _____ §
§
COUNTY OF _____ §

      BEFORE ME, the undersigned authority, on this day personally appeared _____, and after being duly sworn, deposes and says:

      "My name is _____ and I am over the age of eighteen years, and I have personal knowledge of, and I am competent to testify to the facts set forth herein; I have read the foregoing interrogatories and the answers thereto are true and correct."

_____
Representative for SAFECO INSURANCE COMPANY

      SUBSCRIBED AND SWORN BEFORE ME by the said _____, affiant, to which witness my hand and seal of office on this _____ day of _____, 2019.

_____
Notary Public, State of Texas

# EXHIBIT B

**CL-19-4688-H**
**REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION No. 1:**

Please produce a copy of your claim file for the claim made the basis of this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION No. 2:**

Please produce a copy of any correspondence, notes, and emails concerning the claim made the basis of this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION No 3:**

Please produce a copy of the policy or policies of liability insurance providing coverage to the insured on the date of the collision. Please produce a copy of each page of any policy or policies, not merely the declaration sheets.

RESPONSE:

**REQUEST FOR PRODUCTION No. 4:**

Please produce all photographs in your possession, constructive possession, custody, or control, or that of anyone acting on your behalf (including your attorney or insurance company) which were taken of any and all vehicles involved in the collision.

RESPONSE:

**REQUEST FOR PRODUCTION No. 5:**

Please produce copies of estimates, invoices, and/or other written documentation in your possession, constructive possession, custody, or control (or that of anyone acting on your behalf, including your attorney or insurance company) which were prepared as a result of the damage to any and all vehicles involved in the collision.

RESPONSE:

**REQUEST FOR PRODUCTION No. 6:**

Please produce all photographs and/or videos in your possession, constructive possession, custody, or control, or that of anyone acting on your behalf (including your attorney or insurance company) which were taken of the scene or surrounding area of the scene of the collision.

**CL-19-4688-H**

RESPONSE:

**REQUEST FOR PRODUCTION No. 7:**

Please produce all drawings, maps or sketches of the scene of the collision.

RESPONSE:

**REQUEST FOR PRODUCTION No. 8:**

Please produce all documents in your possession, constructive possession, custody or control (or that of anyone acting on your behalf, including your attorney or insurance company) showing the identity of any witness to the collision or any other person with knowledge of relevant facts.

RESPONSE:

**REQUEST FOR PRODUCTION No. 9:**

Please produce all written statements in your possession, constructive possession, custody or control (or that of anyone acting on your behalf, including your attorney or insurance company) made by any witnesses to the collision.

RESPONSE:

**REQUEST FOR PRODUCTION No. 10:**

Please produce all oral, taped or recorded statements in your possession, constructive possession, custody or control (or that of anyone acting on your behalf, including your attorney or insurance company) made by any witnesses to the collision.

RESPONSE:

**REQUEST FOR PRODUCTION No. 11:**

Please produce any reports, memoranda, documents, photographs, videos, or materials of any type whatsoever in your possession, constructive possession, custody, or control (or that of anyone acting on your behalf, including your attorney or insurance company) referring or relating to any type of investigation (including without limitation credit checks, criminal records searches, surveillance, photographs, videos, or interviewing of persons) that concern any party, witness, and/or person with knowledge of facts which you may offer into evidence at trial for any purpose.

RESPONSE:

CL-19-4688-H

**REQUEST FOR PRODUCTION No. 12:**

Please produce a copy of all medical records, doctor or hospital records, reports or medical documents of any kind containing information about plaintiff and/or concerning the medical or physical condition of plaintiff which are in your possession, constructive possession, custody or control (or that of anyone acting on your behalf, including your attorney or insurance company)

RESPONSE: