United States District Court
Southern District of Texas
**ENTERED**
October 14, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JESUS GONZALEZ, § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. 7:19-cv-00349 |
| § | |
| SAFECO INSURANCE COMPANY OF § ILLINOIS, § § | |
| Defendant. § | |

## OPINION AND ORDER

The Court now considers "Defendant's Motion to Strike Plaintiff's Designation of Ygnacio Garza as an Expert Witness"[1] and Plaintiff's response.[2] After considering the motion, record, and relevant authorities, the Court **GRANTS** Defendant's motion.

### I. BACKGROUND

This is an insurance dispute. Plaintiff Jesus Gonzalez alleges that he was driving in McAllen, Texas, when Juan Antonio Carranza negligently changed lanes and caused a multi-vehicle collision and serious injuries.[3] Plaintiff alleges that Juan Antonio Carranza was underinsured and therefore Plaintiff is entitled to recover under his own automobile insurance policy, which provides for underinsured motorist benefits (Plaintiff's UIM claim).[4]

As relevant for this opinion and order, the Court's initial scheduling order set Plaintiff's deadline to designate expert witnesses in accordance with Federal Rule of Civil

---
[1] Dkt. No. 10.
[2] Dkt. No. 11.
[3] Dkt. No. 1-3 at 2, § 5.
[4] *Id.* at 3, § 8.

Procedure 26(a)(2) on January 13, 2020.[5] On January 11th, Plaintiff served Defendant with Plaintiff's designation of experts, "in which he designated Rhonda Guitreau and Ygnacio Garza as 'RETAINED EXPERTS.'"[6] The next day, Plaintiff served Rhonda Guitreau's expert report and exhibits.[7] However, Defendant argues that "Plaintiff failed to produce an expert report from Ygnacio Garza by the Court's January 13, 2020 [sic]" so Defendant requests "the Court strike plaintiff's designation of Ygnacio Garza as an expert witness in this case" and prohibit Ygnacio Garza from serving as an expert witness at trial.[8] Plaintiff expediently responded[9] and the motion is ripe for consideration.

## II. Discussion

### a. Legal Standard

The Fifth Circuit has set forth four factors to be examined when considering a court's exclusion of expert testimony for failure to comply with the expert designation deadline: "(1) the importance of the excluded testimony, (2) the explanation of the party for its failure to comply with the court's order, (3) the potential prejudice that would arise from allowing the testimony, and (4) the availability of a continuance to cure such prejudice."[10]

### b. Analysis

Defendant simply argues that, because Plaintiff failed to produce Ygnacio Garza's expert report by the scheduling order deadline, the Court should strike Ygnacio Garza as an expert witness and should prohibit Plaintiff from calling Ygnacio Garza as an expert witness in this case.[11] Plaintiff argues that Defendant's motion to strike should be denied as moot, since Plaintiff

---

[5] Dkt. No. 7.
[6] Dkt. No. 10 at 1, ¶ 2 (citing Dkt. No. 10-1).
[7] *Id.* at 2, ¶ 4 (citing Dkt. No. 10-2).
[8] *Id.* at 2.
[9] Dkt. No. 11.
[10] *Munn v. City of Ocean Springs*, No. 1:14CV428-LG-RHW, 2016 WL 9779797, at *2 (S.D. Miss. Apr. 13, 2016) (quoting *Harmon v. Ga. Gulf Lake Charles L.L.C.*, 476 F. App'x 31, 36 (5th Cir. 2012)).
[11] Dkt. No. 10 at 1–2.

does not intend to call Ygnacio Garza to testify at all.[12] Plaintiff further "urges the defense to review the case law" and argues that expert testimony is not required to establish Plaintiff's damages in this case, as Plaintiff intends to ground his damages in his past lost earning capacity.[13]

It is obvious from these arguments that Plaintiff and Defendant have not communicated regarding the substance of Defendant's motion to strike, in violation of both the letter and purpose of Local Rules 7.1.D and 7.2. These Local Rules require parties to confer before filing motions, except for certain kinds of motions not applicable here. If Defendant was concerned about Plaintiff's intent to introduce expert testimony or reports from Ygnacio Garza, Defendant could have sought a joint or unopposed motion to exclude Ygnacio Garza.

Instead, under the present circumstances, the Court will interpret Plaintiff's argument that he does not intend to call Ygnacio Garza to testify as non-opposition to Defendant's argument that Plaintiff's failure to timely comply with the Court's scheduling order's deadlines should result in his exclusion. In other words, Plaintiff's non-opposition signifies that (1) Ygnacio Garza's testimony is relatively unimportant, (2) Plaintiff lacks an explanation for his failure to timely comply, (3) prejudice would redound to Defendant if the Court allowed Ygnacio Garza's testimony, and (4) there is no availability for or no need for a continuance.[14]

### III. CONCLUSION

Consequently, the Court **GRANTS** Defendant's motion to strike. Plaintiff's expert Ygnacio Garza's opinion, reports, and testimony shall be excluded from the evidence in this

---

[12] Dkt. No. 11 at 2, § 1.
[13] *Id.* at 2–4, § 2.
[14] *Cf. Wilson v. Home Depot U.S.A., Inc.*, No. 3:12-CV-5292-B, 2014 WL 1882024, at *2–5 (N.D. Tex. May 12, 2014) (excluding expert testimony under these factors).

case.[15] However, the Court admonishes parties to henceforth ensure compliance with this Court's Local Rules and admonishes Plaintiff that future brief submissions should consistently number each paragraph to properly comply with the Federal Rules of Civil Procedure.[16]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 14th day of October 2020.

_____
Micaela Alvarez
United States District Judge

---

[15] Plaintiff shall not be "allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." FED. R. CIV. P. 37(c)(1).

[16] FED. R. CIV. P. 7(b)(2) ("The rules governing captions and other matters of form in pleadings apply to motions and other papers."); FED. R. CIV. P. 10(b) (emphasis added) ("A party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances.").